FORD & HARRISON LLP
Daniel Chammas (SBN 204825)
dchammas@fordharrison.com
Jennifer S. McGeorge (SBN 221679)
jmcgeorge@fordharrison.com
Jamin Xu (SBN 320991)
jxu@fordharrison.com
350 South Grand Avenue
Suite 2300
Los Angeles, CA  90071
Telephone:    213-237-2400
Facsimile:    213-237-2401

Attorneys for Defendant
TC TRANSCONTINENTAL U.S.A., INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR MORENO, individually, and on behalf of other members of the general public similarly situated:<br><br>Plaintiff,<br><br>v.<br><br>TC TRANSCONTINENTAL U.S.A. INC. a New York corporation; HEARST COMMUNICATIONS, INC., a Delaware corporation; and DOES 1 through 100, inclusive;<br><br>Defendants. | CASE NO.  3:21-cv-4902<br><br>**DEFENDANT TC TRANSCONTINENTAL U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441(a), 1441(b), 1446 AND 1453**<br><br>Action Filed:    May 18, 2021<br>Date of Removal:  June 25, 2021 |

- 1 -

DEFENDANT TC TRANSCONTINENTAL U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1367(A), 1441(A), 1441(B), 1446 AND 1453

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, TO PLAINTIFF, AND HIS COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that Defendant TC Transcontinental, USA, Inc. ("Transcontinental USA") hereby removes the above-entitled action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California pursuant to 1332(d) (Diversity under Class Action Fairness Act), 1441(a), 1441(b), 1446 and 1453, based on the following facts:

**I.     PLEADINGS AND PROCESS, AND ORDERS**

1. On May 18, 2021, Plaintiff Victor Moreno ("Plaintiff"), individually and on behalf of all others similarly situated, filed a complaint against Defendant Transcontinental USA and Defendant Hearst Communications, Inc. ("Hearst") entitled "*Victor Moreno v. TC Transcontinental USA, Inc., et al.*," in the Superior Court of California, for the County of Alameda, Case No. RG21099845 (hereinafter, the "Complaint"). A true and correct copy of the original Summons, Civil Case Cover Sheets, and Complaint is attached to the Declaration of Jennifer S. McGeorge in Support of Notice of Removal of Action by Defendant TC Transcontinental, USA, Inc. Pursuant to 28 U.S.C. §§ 1332, 1441(a), 1441(b), 1446, and 1453, filed concurrently herewith ("McGeorge Decl.") as **Exhibit A**. The allegations in the Complaint are incorporated for reference in this notice of removal but are not admitted.

2. Plaintiff, and the members of the putative class he seeks to represent, is a person residing in the United States and/or in California with respect to whom Transcontinental USA and Hearst allegedly employed as non-exempt or hourly employees in the State of California from November 19, 2016 to "final judgment." (Compl., ¶ 13, Ex. A to McGeorge Decl.) The Complaint alleges eight causes of action which Plaintiff pursues on a class action basis: (1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); (2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); (3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums); (4) Violation of California Labor Code §§ 1194 and 1197 (Unpaid Minimum Wages); (5) Violation of California Labor Code

- 2 -

Ford & Harrison LLP
Attorneys At Law
Los Angeles

DEFENDANT TC TRANSCONTINENTAL U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1367(A), 1441(A), 1441(B), 1446 AND 1453

1   §§ 201 and 202 (Final Wages Not Timely Paid); (6) Violation of California Labor Code § 226(a)
2   (Non-Compliant Wage Statements); (7) Violation of California Labor Code §§ 2800 and 2802
3   (Unreimbursed Business Expenses); and (8) Violation of California Business & Professions Code
4   § 17200, et seq. (*See generally* Complaint, Ex. A.)

5   3.   A true and correct copy of the Alternative Dispute Resolution Information Packet
6   and Stipulation to Attend Alternative Dispute Resolution and Delay Initial Case Management
7   Conference for 90 Days, which were filed by Plaintiff on May 18, 2021, are attached to the
8   McGeorge Decl. as **Exhibit B.**

9   4.   A true and correct copy of the Service of Process Transmittal from CT
10  Corporation, indicating proof of service of the Summons and Complaint upon Defendant on May
11  26, 2021, is attached to the McGeorge Decl. as **Exhibit C**.

12  5.   A true and correct copy of Plaintiff's Notice of Assignment of Judge for All
13  Purposes and Initial Case Management Conference, which was filed by Plaintiff in the state court
14  on June 3, 2021, and which includes as Exhibits thereto Orders issued by the state court on May
15  26, 2021, is attached to the McGeorge Decl. as **Exhibit D**.

16  6.   A true and correct copy of Plaintiff's Notice of Posting Complex Fees, which was
17  filed by Plaintiff in the state court on June 9, 2021, and Plaintiff's Notice of Complex
18  Determination Hearing which includes as an Exhibit thereto a Notice of Hearing issued by the
19  state court on May 26, 2021, and which was filed by Plaintiff in the state court on June 8, 2021,
20  are attached to the McGeorge Decl. as **Exhibit E**.

21  7.   Pursuant to 28 U.S.C. § 1446(d), the foregoing exhibits constitute all process,
22  pleadings and orders served on, received by Transcontinental USA or filed in this action. To
23  Transcontinental USA's knowledge, no further process, pleadings, or orders related to this case
24  have been filed in Superior Court of California, County of Alameda or served by any party.

25  **II.   TIMELINESS OF REMOVAL AND CONSENT OF ALL DEFENDANTS**

26  8.   Transcontinental USA was served with and received the summons and Complaint
27  by way of personal service on May 26, 2021. This notice of removal is timely filed as it is filed
28  within thirty (30) days of the receipt of the summons and original complaint on Transcontinental

Ford & Harrison LLP
Attorneys At Law
Los Angeles

- 3 -

DEFENDANT TC TRANSCONTINENTAL U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1367(A), 1441(A), 1441(B), 1446 AND 1453

USA, accounting for weekends.  *See* 28 U.S.C. § 1446(b); Fed. R. Civ. Proc. 6(a); *Krug v. Wells Fargo Bank, N.A.*, No. C 11-5190, 2011 WL 6182341, *1 (N.D. Cal. Dec. 13, 2011).

9. All non-removing defendants, including Hearst, have consented to the removal of the action.

**III. VENUE**

10. Alameda County is located within the Northern District of California.  Thus, venue is proper pursuant to 28 U.S.C. § 84(a) because this is the "district and division embracing the place where [Plaintiff's] action is pending."  28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1391.

**IV. INTRA-DISTRICT ASSIGNMENT**

11. Pursuant to N.D. Cal. Civ. L.R. 3-2(d), because this action arises in the County of Alameda, it should be assigned to a judge sitting within the San Francisco or Oakland divisions of the Northern District of California.

**V. JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT**

12. This Court has original jurisdiction over the case pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 ("CAFA").  CAFA provides the federal district courts with original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the amount in controversy exceeds $5 million exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).  Here, removal is proper under CAFA because, as set forth below, the case is filed as a civil class action, the amount in controversy allegedly exceeds $5 million exclusive of interest and costs, and at least one member (if not all) of the class of plaintiffs is a citizen of a state different from Defendants.

13. This action was initially brought pursuant to California Code of Civil Procedure § 382 on behalf of a putative class of persons who worked as non-exempt or hourly employees for the defendants in the State of California at any time from November 19, 2016 to final judgment (Compl., ¶ 13, Ex. A to McGeorge Decl.)  Plaintiff also claims the putative class is so numerous that the individual joinder of all members is impracticable. (Compl., at ¶ 15(a).)

- 4 -

Ford & Harrison LLP
Attorneys At Law
Los Angeles

DEFENDANT TC TRANSCONTINENTAL U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1367(A), 1441(A), 1441(B), 1446 AND 1453

**A. Citizenship of Parties**

14. Pursuant to 28 U.S.C. § 1453(b), "A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants." CAFA's diversity requirement is satisfied when any member of a class of citizens is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d)(2).

15. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Labert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

16. Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

17. Here, Plaintiff alleges that he "is an individual residing in the State of California." (Compl., ¶ 5, Ex. A to McGeorge Decl.) Plaintiff also is a citizen of the United States. Accordingly, Plaintiff is a citizen of the United States and the State of California. *Kanter*, 265 F.3d at 857.

18. Plaintiff alleges that the proposed class consists of all non-exempt or hourly employees who are or who have been employed by either Hearst or Transcontinental USA in the state of California at any time during the period from November 19, 2016 to final judgment. (Compl., ¶ 13, Ex. A to McGeorge Decl.)

19. "[A] corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

/ / /

- 5 -

Ford & Harrison LLP
Attorneys At Law
Los Angeles

DEFENDANT TC TRANSCONTINENTAL U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1367(A), 1441(A), 1441(B), 1446 AND 1453

20. Transcontinental USA is a corporation organized in the State of New York with its headquarters and principal place of business located in Montreal, Canada. Accordingly, Transcontinental USA is considered a citizen of New York and Canada. 28 U.S.C. § 1332(c)(1).

21. Hearst is a corporation organized in the State of Delaware with its headquarters and principal place of business located in the State of New York. Accordingly, Hearst is considered a citizen of Delaware and New York. 28 U.S.C. § 1332(c)(1).

22. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

23. Here, diversity of citizenship is met because Plaintiff is a citizen of California while Transcontinental USA is a citizen of New York and Canada and Hearst is a citizen of Delaware and New York. Accordingly, the minimal diversity requirement is fully satisfied. *See* 28 U.S.C. § 1332(d)(2)(A).

**B.  The Amount in Controversy Exceeds $5 Million and Plaintiff's Classes are More than 100 Class Members**

24. CAFA requires the "matter in controversy" to exceed "the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6). Further, CAFA may only be invoked if the proposed class contains at least 100 members. 28 U.S.C. § 1332(d).

25. "In determining the amount in controversy, courts first look to the complaint. Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). "Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." (*Id.*)

DEFENDANT TC TRANSCONTINENTAL U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1367(A), 1441(A), 1441(B), 1446 AND 1453

26. Plaintiff has not alleged a specific amount in controversy in his Complaint. A "defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). If the plaintiff or the court contests a defendant's allegations, however, "[e]vidence establishing the amount is required." *Id.* As noted in *Dart Cherokee*: "'[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met.'" *Id.* (quoting House Judiciary Committee Report on the Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. Rep. No. 112-10, p. 16 (2011)). Here, Transcontinental USA can plausibly allege, based on Plaintiff's Complaint and his prayer for relief, that the amount in controversy for Plaintiff's class-wide claims exceeds $5 million. The assertions of Transcontinental USA herein is limited to its preliminary understanding of Plaintiff's claims and data currently available to Transcontinental USA.

27. Here, Plaintiff proposes a class consisting of all non-exempt or hourly employees who are or who have been employed by Transcontinental USA and Hearst in the state of California at any time from November 19, 2016 and the date of judgment. For purposes of this analysis, data will be examined between November 19, 2016 and the date of removal ("Relevant Time Period"). During the Relevant Time Period, based on the Complaint's allegations and personnel and payroll records, Hearst employed approximately 418 persons at some point as non-exempt, hourly employees in California, and Transcontinental USA employed approximately 116 persons at some point as non-exempt, hourly employees in California, for a total of approximately 534 non-exempt, hourly employees in California ("Putative Class Members"). There are and were approximately 200 Putative Class Members working at any given time during the Relevant Time Period, about 170 of whom are full time employees typically working a schedule of approximately eight (8) hours a day, five (5) days a week, and the other 30 of whom are part time employees working about ½ as much as their full-time counterparts. The Putative Class Members also received pay statements every two weeks.

Ford & Harrison LLP
Attorneys At Law
Los Angeles

- 7 -

DEFENDANT TC TRANSCONTINENTAL U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1367(A), 1441(A), 1441(B), 1446 AND 1453

28. While Transcontinental USA denies Plaintiff's claims of wrongdoing and denies his request for relief thereon, the facial allegations in the Complaint and the total amount of penalties and attorneys' fees at issue in this action, when viewed in the light most favorable to Plaintiff, is in excess of the jurisdictional minimum. "[T]he amount in controversy reflects the maximum recovery the plaintiff could reasonably recover." *Arias v. Residence Inn*, 936 F.3d 920, 927 (9th Cir. 2019). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "When a '[d]efendant's calculations (are) relatively conservative, made in good faith, and based on evidence whenever possible,' the court may find that the '[d]efendant has established by a preponderance of the evidence that the amount in controversy is met.'" *Cagle v. C&S Wholesale Grocers, Inc.*, 2014 WL 651923, *7 (E.D. Cal. Feb. 19, 2014) (quoting *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citations omitted)).

29. <u>Waiting Time Penalties</u>. Plaintiff claims that the Putative Class Members are entitled to waiting time penalties pursuant to Cal. Lab. Code § 203, which provides that employees may recover up to 30 days' wages if an employer willfully fails to pay all wages owing at the time of termination. (Compl., ¶¶ 80-84, Ex. A to McGeorge Decl.) The employment of approximately 250 Putative Class Members terminated during the Relevant Time Period. The average hourly rate of the Putative Class Members was approximately $25 per hour. Assuming *arguendo* that these 250 Putative Class Members were owed some wages upon termination, then potential waiting time penalties under Labor Code Section 203 would total **$1.5 million** (250 Putative Class Members x 8 hours per day x 30 days x $25 per hour).

30. <u>Wage Statement Penalties</u>. Plaintiff claims that "[a]s a pattern and practice, Defendants have intentionally and willfully failed to provide Plaintiff and other class members (but not all) with complete and accurate wage statements. The deficiencies include but are not limited to: the failure to include the total number of hours worked by Plaintiff and other class members." California Labor Code section 226(e)(1) provides that an "employee suffering injury

Ford & Harrison LLP
Attorneys At Law
Los Angeles

- 8 -

DEFENDANT TC TRANSCONTINENTAL U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1367(A), 1441(A), 1441(B), 1446 AND 1453

as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)." Cal. Lab. Code § 226(e)(1). The statute of limitations for such penalties is one year. Putative Class Members received pay statements every other week. There are 32 pay periods since April 6, 2020, and approximately 200 employees receiving allegedly improper wage statements each of those pay periods, resulting in maximum reasonable exposure of **$630,000** (32 pay periods x 200 employees x $100) – ($50 for 200 employees).[1]

31.  The claims for missed meal periods, missed rest periods, unpaid overtime, and unpaid minimum wages must be estimated based on the violation rate. All of these claims are based on allegations that Defendants violated these laws as a "pattern and practice." *See* Complaint, ¶ 98 ("Defendants' pattern and practice of requiring Plaintiff and other class members work overtime hours without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' pattern and practice of requiring Plaintiff and other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a)." *See also id.*, ¶ 76 ("As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay minimum wages to Plaintiff and other class members (but not all) as required, pursuant to California Labor Code sections 1194 and 1197.")

32.  "[A] 20% violation rate for meal and rest breaks during the putative class period is reasonable given the allegations of a 'pattern and practice' of such violations. Courts in this circuit have found that allegations of a 'pattern and practice' of conduct support at least a 20% violation rate as reasonable." *Danielsson v. Blood Ctrs. of the Pac.*, 2019 U.S. Dist. LEXIS

---

[1] Although the statute of limitations is one year, Plaintiff claims that "Per Emergency Rule 9 (Tolling statute of limitations for civil causes of action) of the Judicial Council's Emergency Rules Related to COVID-19, all statute of limitations for civil causes of action that exceed 180 days are tolled from April 6, 2020 until October 1, 2020. Accordingly, Plaintiff's claims were tolled during that time period." (Complaint, ¶4, n.1.)

- 9 -

DEFENDANT TC TRANSCONTINENTAL U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1367(A), 1441(A), 1441(B), 1446 AND 1453

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

222539, *17 (N.D. Cal. Dec. 30, 2019). *See also Chavez v. Pratt (Robert Mann Packaging), LLC*, No. 19-CV-00719-NC, 2019 U.S. Dist. LEXIS 59399, 2019 WL 1501576, at *3 (N.D. Cal. Apr. 5, 2019) (finding that a 20% violation rate for meal and rest period was reasonable where the plaintiff alleged a "pattern or practice" of violations); *Mendoza v. Savage Servs. Corp.*, No. 2:19-CV-00122-RGK-MAA, 2019 U.S. Dist. LEXIS 45269, 2019 WL 1260629, at *2 (C.D. Cal. Mar. 19, 2019) (finding that a 20% violation rate for meal and rest breaks was reasonable where the complaint alleged a "pattern and practice" of violations, and noting that courts in the Central District of California "routinely apply a 20% violation rate . . . for meal and rest period premiums" and citing cases); *Chavez v. Pratt (Robert Mann Packaging), LLC*, No. 19-CV-00719-NC, 2019 WL 1501576, at *3 (N.D. Cal. Apr. 5, 2019) ("Courts in this Circuit, including in this District, have frequently upheld at least a 20% violation rate for purposes of CAFA amount in controversy calculations where the plaintiff does not specify the frequency of the alleged missed meal or rest periods."); *Castillo v. Trinity Servs. Grp.*, 2020 U.S. Dist. LEXIS 119963, *19 (E.D. Cal. Jul. 7, 2020) ("district courts have found violation rates between 25% to 60% to be reasonable based on 'pattern and practice' and 'policy and practice' allegations"); *Cavada v. Inter-Cont'l Hotels Grp., Inc.*, No. 19-cv-1675-GPC-BLM, 2019 U.S. Dist. LEXIS 190302, 2019 WL 5677846, at *4 (S.D. Cal. Nov. 1, 2019) ("District courts have found assuming violations rates between 25% to 60% reasonable where a complaint alleges a 'policy and practice.'"); *Olson v. Becton, Dickinson, and Co.*, Case No. 19cv865-MMA(BGS), 2019 U.S. Dist. LEXIS 165789, 2019 WL 4673329, at *4 (S.D. Cal. Sept. 25, 2019) (assuming 25% violation rate, five violations per pay period for meal and rest period violations, reasonable based on allegations of a "pattern and practice"); *Avila v. Rue21, Inc.*, 432 F. Supp. 3d 1175, 1189 (E.D. Cal. 2020) (finding "a violation rate of 40%—a median between 25% and 60%—to be reasonable"); *Bryant v. NCR Corp.*, 284 F. Supp. 3d 1147, 1151 (S.D. Cal. 2018) (finding a 60% violation rate for the meal period claim or three of five violations per workweek, and a 30% violation rate or three of ten rest periods per workweek, where the complaint alleged that the defendant had a "policy and practice" of meal and rest period violations); *Elizarraz v. United Rentals, Inc.*, Case No. 18cv9533-ODW(JC), 2019 U.S. Dist. LEXIS 62065, 2019 WL 1553664, at *3-4 (C.D. Cal. Apr. 9,

- 10 -

DEFENDANT TC TRANSCONTINENTAL U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1367(A), 1441(A), 1441(B), 1446 AND 1453

2019) (finding a 50% violation rate, or 2.5 out of 5 missed meal periods per week, and a 25% violation rate, or 2.5 out of 10 missed rest period per week, reasonable where the complaint alleged a "pattern and practice" of meal and rest period violations); *Oda v. Gucci Am., Inc.*, Nos. 2:14-CV-7468-SVW (JPRx), 2:14-CV-07469-SVW (JPRx), 2015 U.S. Dist. LEXIS 1672, 2015 WL 93335, at *5 (C.D. Cal. Jan. 7, 2015) (finding defendant's assumption of a 50% violation rate reasonable where plaintiff's complaint alleged that defendant maintained a policy or practice of not paying meal or rest premiums, that class members sometimes did not receive all of their meal periods and that not all rest periods were given timely).

33. "Pattern and practice" allegations supporting unpaid minimum wage and unpaid overtime claims reasonably support estimates of one hour of unpaid minimum wage and one hour of unpaid overtime per week per class member. *See Andrade v. Beacon Sales Acquisition, Inc.*, 2019 U.S. Dist. LEXIS 171460, *10-12 (C.D. Cal. Oct. 1, 2019) ("The FAC alleges that 'as matters of policy and/or practice,' Defendants failed to pay legal minimum and overtime wages for all hours worked…[W]here defendant assumes a violation rate of one hour of off-the-clock work and two hours of uncompensated overtime per workweek…the Court finds Defendants' violation rates are reasonable assumptions grounded in the allegations of the FAC."); *Francisco v. Emeritus Corp.*, No. CV 17-2871-BRO (SSx), 2017 U.S. Dist. LEXIS 90131, 2017 WL 2541401, at *7 (C.D. Cal. June 12, 2017) ("Because Plaintiff claims that unpaid minimum wage and overtime violations occurred regularly, as a pattern and practice, the Court finds Defendants' assumption of one minimum wage and overtime violation per workweek to be reasonable."); *Hamilton v. Wal-Mart Stores, Inc.*, 2017 U.S. Dist. LEXIS 162856, *9-10 (C.D. Cal. Sep. 29, 2017) ("Based on Plaintiff's allegations that Defendants engaged in a 'pattern, practice, and administration of corporate policy regarding illegal employee compensation'…Defendants argue that a violation rate of one overtime violation per class member per week is reasonable (Opp'n at 14-15). The Court agrees.").

34. <u>Meal Periods</u>. Based on the pattern and practice allegations, and a very conservative 20 percent violation rate, the amount in controversy for this claim is $1,020,000 for the full time employees (20 percent) (240 weeks x 5 meal periods x 170 employees x $25 per

Ford & Harrison LLP
Attorneys At Law
Los Angeles

DEFENDANT TC TRANSCONTINENTAL U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1367(A), 1441(A), 1441(B), 1446 AND 1453

hour), and $90,000 for part time employees ($1,020,000 ÷ 170 = $6,000 ÷ 2 = $3,000 x 30 part time employees), for a total of $1,110,000.

35. <u>Rest Periods</u>. Based on the pattern and practice allegations, and a very conservative 20 percent violation rate, the amount in controversy for this claim is $1,020,000 for the full time employees (20 percent) (240 weeks x 5 meal periods x 170 employees x $25 per hour), and $90,000 for part time employees ($1,020,000 ÷ 170 = $6,000 ÷ 2 = $3,000 x 30 part time employees), for a total of $1,110,000.

36. <u>Minimum Wage</u>. Based on the pattern and practice allegations, and a very conservative one unpaid minimum wage hour per week, the amount in controversy for this claim is $816,000 for full time employees ((240 weeks x 170 employees x $10 per hour) x 2 for liquidated damages) and $72,000 for part time employees ($816,000 ÷ 170 = $4,800 ÷ 2 = $2,400 x 30 part time employees), for a total of $888,000.

37. <u>Overtime Wages</u>. Based on the pattern and practice allegations, and a very conservative one unpaid overtime hour per week, the amount in controversy for this claim is $1.53 million for full time employees ((240 weeks x 170 employees x $25 per hour x 1.5) and $135,000 for part time employees ($1.53 million ÷ 170 employees = $9,000 ÷ 2 = $4,500 x 30 part time employees), for a total of $1,665,000.

38. Therefore, just based on these calculations, the amount in controversy is at least $6,903,000.

39. Plaintiff also seeks an award of reasonable attorneys' fees and costs for the putative class. (*See, e.g.*, Compl., Prayer for Relief ¶¶ 8, 15, 26, 43, Ex. A to McGeorge Decl.) "[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co.*, 899 F.3d 785, 794 (9th Cir. 2018). "[I]f the law entitles the plaintiff to future attorneys' fees if the action succeeds, 'then there is no question that future [attorneys' fees] are 'at stake' in the litigation,' and the defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy." *Id.*

- 12 -

DEFENDANT TC TRANSCONTINENTAL U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1367(A), 1441(A), 1441(B), 1446 AND 1453

40. Although *Fritsch* has rejected an automatic assumption that a 25 percent fee recovery will be awarded in a wage and hour class action, the *Fritsch* court still permits use of a "percentage based method" "when estimating the amount of attorneys' fees included in the amount in controversy." *Id.*, at 796, n.6. District courts have recognized this important caveat in *Fritsch*. *See Cortez v. United Natural Foods, Inc.*, 2019 U.S. Dist. LEXIS 31540, *22-23 (N.D. Cal. Feb. 27, 2019) ("while the Ninth Circuit refused to hold that a court must always use the 25% rate of the final award to determine future attorneys' fees, the Court did 'not hold that a percentage-based method is never relevant when estimating the amount of attorneys' fees included in the amount in controversy.'").

41. The rule now is merely that a removing defendant cannot assume that such a percentage will be awarded. As a result, several district courts, after *Fritsch*, have held that where nothing about a wage and hour class action suggests that there would be a downward departure from the 25 percent benchmark, such a percentage is appropriate. *See Cortez*, 2019 U.S. Dist. LEXIS 31540, *23 (N.D. Cal. Feb. 27, 2019) (relying on *Fritsch*, holding that "[i]n the Court's experience, this appears to be a typical wage and hour class action to which courts in this Circuit would likely apply the 25% benchmark rate."); *Kastler v. Oh My Green, Inc.*, 2019 U.S. Dist. LEXIS 185484, *18 (N.D. Cal. Oct. 25, 2019) (following *Fritsch*, and holding that "[a]lthough Defendant provide[d] very little to support a 25% fee calculation," the court, relying "on its own knowledge of customary rates and [its] experience concerning reasonable and proper fees," found that it was reasonable); *Ramirez v. Benihana Nat'l Corp.*, 2019 U.S. Dist. LEXIS 3537, *6 (N.D. Cal. Jan. 8, 2019) ("While the Court acknowledges the 25% benchmark does not automatically apply in all cases, see *Fritsch*, 899 F.3d at 796…none of the factors counseling against the application of the 25% benchmark have been raised by plaintiffs, nor does the record before the Court otherwise reflect a departure from such benchmark is warranted.").

42. Transcontinental USA, Inc., moreover, can present evidence that a 35 percent attorneys' fees award is reasonably likely here. Douglas Han and Shunt Tatavos-Gharajeh of the Justice Law Corporation, who are putative class counsel here, have, in fact, sought and have received an attorneys' fee award of 35 percent of the recovery in at least four wage and hour class

Ford & Harrison LLP
Attorneys At Law
Los Angeles

- 13 -

DEFENDANT TC TRANSCONTINENTAL U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1367(A), 1441(A), 1441(B), 1446 AND 1453

1  actions. (*See* Defendant TC Transcontinental USA, Inc.'s Request for Judicial Notice in Support of Notice of Removal of Action by Defendant TC Transcontinental, USA, Inc. Pursuant to 28 U.S.C. §§ 1332, 1441(a), 1441(b), 1446, and 1453, filed concurrently herewith, **Exhibit 1**.)

43. Considering the sum of the potential damages from above, estimated to be at least $6,903,000, it is reasonable to assume that the potential attorneys' fees would be at least $1,725,750 ($6,903,000 x 25%).

44. Transcontinental USA does not concede Plaintiff's claims have any merit, but when the relief sought on behalf of the putative class is taken as a whole, the amount in controversy for Plaintiff's class claims more likely than not exceeds the $5 million jurisdiction requirement, exclusive of interest and costs ($8,628,750 = $6,903,000 + $1,725,750). Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(d)(2) and 1441(a). *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs.") Accordingly, the potential amount in controversy is in excess of the $5 million threshold for CAFA jurisdiction.

## VI. NOTICE OF REMOVAL

45. A copy of this notice of removal will be filed with the Clerk of the Superior Court of the State of California, County of Alameda.

46. By removing the action to this Court, Transcontinental USA does not waive any defenses, objections, or motions available to it under state or federal law. Transcontinental USA expressly reserves the right to require that the claims of Plaintiff and/or all members of the putative class be decided on an individual basis.

/ / /

/ / /

/ / /

/ / /

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 14 -

DEFENDANT TC TRANSCONTINENTAL U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1367(A), 1441(A), 1441(B), 1446 AND 1453

WHEREFORE, Transcontinental USA prays that the Court remove this civil action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

DATED: June 25, 2021

Respectfully submitted,

FORD & HARRISON LLP

By: */s/ Daniel B. Chammas*
 Daniel B. Chammas
 Jennifer S. McGeorge
 Jamin Xu
 Attorneys for Defendant
 TC TRANSCONTINENTAL U.S.A., INC.

Ford & Harrison LLP
Attorneys At Law
Los Angeles

- 15 -

DEFENDANT TC TRANSCONTINENTAL U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1367(A), 1441(A), 1441(B), 1446 AND 1453

# PROOF OF SERVICE

I, Alicia McMaster, declare:

I am a citizen of the United States and employed in Los Angeles, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On June 25, 2021, I served a copy of the within document(s):

**X**   **UNITED STATES MAIL.** I deposited a sealed envelope containing a true and correct copy of the documents listed above with the United States Postal Service with the postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

**ELECTRONICALLY:** I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System. I served those parties who are not registered participants of the ECF System as indicated below.

| | |
|---|---|
| Douglas Han<br>Shunt Tatavos-Gharajeh<br>Talia Lux<br>JUSTICE LAW CORPORATION<br>751 N. Fair Oaks Avenue, Suite 101<br>Pasadena, California 91103 | Attorney for Plaintiff<br>VICTOR MORENO<br><br>T: (818) 230-7502<br>F: (818) 230-7259<br>E: statavos@justicelawcorp.com<br>   tlux@justicelawcorp.com |
| Howard Davis<br>OFFICE OF GENERAL COUNSEL<br>HEARST CORPORATION<br>300 West 57th Street, 40th Floor<br>New York, New York 10019 | Attorney for Defendant<br>HEARST COMMUNICATIONS, INC.<br><br>T: (212) 649-2016<br>E: howard.davis@hearst.com |
| Richard Burk Lapp<br>SEYFARTH SHAW LLP<br>233 S. Wacker Drive, Suite 8000<br>Chicago, Illinois 60606 | Attorney for Defendant<br>HEARST COMMUNICATIONS, INC.<br><br>T: (312) 460-5914<br>F: (312) 460-7914<br>E: rlapp@seyfarth.com |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on June 25, 2021 at Los Angeles, California.

*aliciaMcMaster*

Alicia McMaster

DEFENDANT TC TRANSCONTINENTAL U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1367(A), 1441(A), 1441(B), 1446 AND 1453