1
FORD & HARRISON LLP
Daniel Chammas (SBN 204825)
2
dchammas@fordharrison.com
Jennifer S. McGeorge (SBN 221679)
3
jmcgeorge@fordharrison.com
Jamin Xu (SBN 320991)
4
jxu@fordharrison.com
350 South Grand Avenue
5
Suite 2300
Los Angeles, CA  90071
6
Telephone:    213-237-2400
Facsimile:    213-237-2401
7

8
Attorneys for Defendant
TC TRANSCONTINENTAL U.S.A., INC.

9

10
**UNITED STATES DISTRICT COURT**

11
**NORTHERN DISTRICT OF CALIFORNIA**

12

13
VICTOR MORENO, individually, and on
behalf of other members of the general
14
public similarly situated:

15
            Plaintiff,

16
    v.

17
TC TRANSCONTINENTAL U.S.A. INC.
a New York corporation; HEARST
18
COMMUNICATIONS, INC., a Delaware
corporation; and DOES 1 through 100,
19
inclusive;

20
            Defendants.

21

22

23

24

25

26

27

28

CASE NO.

**CLASS ACTION**

**DECLARATION OF JENNIFER S.
MCGEORGE IN SUPPORT OF NOTICE
OF REMOVAL OF ACTION BY
DEFENDANT TC TRANSCONTINENTAL
U.S.A. INC. PURSUANT TO 28 U.S.C. §§
1332, 1441(a), 1441(b), 1446 AND 1453**

Action Filed: May 18, 2021

Date of Removal: June 25, 2021

Ford & Harrison
LLP
Attorneys At Law
Los Angeles

/CASE No.
DECLARATION OF JENNIFER S. MCGEORGE IN SUPPORT OF NOTICE OF REMOVAL BY DEFENDANT TC
TRANSCONTINENTAL USA, INC.

I, Jennifer S. McGeorge, declare as follows:

1. I am an attorney at law licensed to practice in the State of California and Counsel at the law firm of Ford & Harrison, LLP, attorneys of record for Defendant TC Transcontinental USA, Inc. ("Defendant"). I am providing this declaration in support of Defendant's Notice of Removal of Action. I have personal knowledge of each of the matters set forth below and, if called as a witness could and would testify competently to each of them under oath.

2. A true and correct copy of the Summons, Civil Case Cover Sheet, and Complaint, which were filed by Plaintiff Victor Moreno ("Plaintiff") on May 18, 2021, are attached hereto as **Exhibit A**.

3. A true and correct copy of the Alternative Dispute Resolution Information Packet and Stipulation to Attend Alternative Dispute Resolution and Delay Initial Case Management Conference for 90 Days, which were filed by Plaintiff on May 18, 2021, are attached hereto as **Exhibit B**.

4. A true and correct copy of the Service of Process Transmittal from CT Corporation, indicating proof of service of the Summons and Complaint upon Defendant on May 26, 2021, is attached hereto as **Exhibit C**.

5. A true and correct copy of Plaintiff's Notice of Assignment of Judge for All Purposes and Initial Case Management Conference, which was filed by Plaintiff in the state court on June 3, 2021, and which includes as Exhibits thereto Orders issued by the state court on May 26, 2021, is attached hereto as **Exhibit D**.

6. A true and correct copy of Plaintiff's Notice of Posting Complex Fees, which was filed by Plaintiff in the state court on June 9, 2021, and Plaintiff's Notice of Complex Determination Hearing which includes as an Exhibit thereto a Notice of Hearing issued by the state court on May 26, 2021, and which was filed by Plaintiff in the state court on June 8, 2021, are attached hereto as **Exhibit E**.

7. Pursuant to 28 U.S.C. § 1446(d), the foregoing exhibits constitute all process, pleadings and orders served on, received by Defendant or filed in this action. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in Superior

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

/CASE NO.
DECLARATION OF JENNIFER S. MCGEORGE IN SUPPORT OF NOTICE OF REMOVAL BY DEFENDANT TC TRANSCONTINENTAL USA, INC.

1   Court of California, County of Alameda or served by any party.

2        I declare under penalty of perjury under the laws of the United States of America and the

3   State of California that the foregoing is true and correct.

4        Executed on the 25th day of June 2021, at Los Angeles, California.

5

6                            */s/ Jennifer S. McGeorge*
                          JENNIFER S. MCGEORGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

/CASE NO.
DECLARATION OF JENNIFER S. MCGEORGE IN SUPPORT OF NOTICE OF REMOVAL BY DEFENDANT TC TRANSCONTINENTAL USA, INC.

**EXHIBIT A**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

MAY 1 8 2021

CLERK OF THE SUPERIOR COURT
By ____ANDREL GOSPEL____
                                    Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TC TRANSCONTINENTAL U.S.A. INC., a New York corporation;
HEARST COMMUNICATIONS, INC., a Delaware corporation; and DOES 1 through 100, inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

VICTOR MORENO, individually, and on behalf of other members of the general public similarly situated;

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: Alameda County Superior Court <br> *(El nombre y dirección de la corte es):* <br><br> René C. Davidson Courthouse <br> 1225 Fallon St, Oakland, CA 94612 | CASE NUMBER *(Número del Caso):* <br> **RG21099845** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Douglas Han, JUSTICE LAW CORPORATION; 751 N. Fair Oaks Avenue, Suite 101, Pasadena, CA 91103; 818-230-7502

| DATE: | **Chad Finke** | Clerk, by | | , Deputy |
|---|---|---|---|---|
| *(Fecha)* MAY 1 8 2021 | **Executive Officer/Clerk** | *(Secretario)* | ANDREL GOSPEL | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* HEARST COMMUNICATIONS, INC., a Delaware corporation

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> *www.courts.ca.gov* |




Douglas Han (SBN 232858) / Shunt Tatavos-Gharajeh (SBN 272164)
JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave. Suite 101 Pasadena, CA 91103

TELEPHONE NO.: (818) 230 - 7502    FAX NO. *(Optional)*:  (818) 230 - 7259
ATTORNEY FOR *(Name)*:  Plaintiff Victor Moreno

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  **ALAMEDA**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: René C. Davidson Courthouse

CASE NAME:  Moreno v. TC Transconetinental U.S.A. Inc.

**FOR COURT USE ONLY**

**ENDORSED
FILED
ALAMEDA COUNTY**

MAY 1 8 2021

CLERK OF THE SUPERIOR COURT
By ___ANDREL GOSPEL___
                          Deputy

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] **Unlimited** [ ] **Limited** (Amount demanded exceeds $25,000) (Amount demanded is $25,000) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **RG 21099845** JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2.  This case [ ] is  [X] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. [ ] Large number of separately represented parties
    b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
    c. [ ] Substantial amount of documentary evidence
    d. [ ] Large number of witnesses
    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
    f. [ ] Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply)*: a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4.  Number of causes of action *(specify):*  Eight (8)
5.  This case [X] is  [ ] is not    a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:  May 17, 2021

Douglas Han
_____(TYPE OR PRINT NAME)_____                    _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                                   CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

For your protection and privacy, please press the Clear

*Unified Rules of the Superior Court of California, County of Alameda*

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: Moreno v. TC Transcontinental U.S.A. Inc. | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

[X] Oakland, Rene C. Davidson Alameda County Courthouse (446)

[ ] Hayward Hall of Justice  (447)

[ ] Pleasanton, Gale-Schenone Hall of Justice  (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | **Is this an unsured motorist case?  [ ] yes  [ ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (G) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [X] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial   **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential   **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs   **[ ] Yes   [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [ ] Yes   [ ] No** | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)

A-13

DOUGLAS HAN (SBN 232858)
SHUNT TATAVOS-GHARAJEH (SBN 272164)
**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Avenue, Suite 101
Pasadena, California 91103
Telephone: (818) 230-7502
Facsimile:  (818) 230-7259

*Attorneys for* Plaintiff

**ENDORSED
FILED
ALAMEDA COUNTY**

MAY 1 8 2021

CLERK OF THE SUPERIOR COURT
By ANDREL GOSPEL
Deputy

Filed BY Fax

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| VICTOR MORENO, individually, and on behalf of other members of the general public similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>TC TRANSCONTINENTAL U.S.A. INC., a New York corporation; HEARST COMMUNICATIONS, INC., a Delaware corporation; and DOES 1 through 100, inclusive;<br><br>Defendants. | Case No.: **RG 21099845**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);<br>(2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);<br>(3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);<br>(4) Violation of California Labor Code §§ 1194 and 1197 (Unpaid Minimum Wages);<br>(5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);<br>(6) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);<br>(7) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses);<br>(8) Violation of California Business & Professions Code § 17200, *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

1     COMES NOW, Plaintiff VICTOR MORENO ("Plaintiff"), individually, and on behalf

2  of other members of the general public similarly situated, and alleges as follows:

3                            **JURISDICTION AND VENUE**

4      1.     This class action is brought pursuant to the California Code of Civil Procedure

5  section 382.  The monetary damages and restitution sought by Plaintiff exceeds the minimal

6  jurisdiction limits of the Superior Court and will be established according to proof at trial.  The

7  "amount in controversy" for the named Plaintiff, including claims for compensatory damages,

8  restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than

9  seventy-five thousand dollars ($75,000).

10     2.     This Court has jurisdiction over this action pursuant to the California

11  Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all

12  other causes" except those given by statute to other courts.  The statutes under which this

13  action is brought do not specify any other basis for jurisdiction.

14     3.     This Court has jurisdiction over Defendants because, upon information and

15  belief, Defendants are citizens of California, have sufficient minimum contacts in California,

16  or otherwise intentionally avail themselves of the California market so as to render the exercise

17  of jurisdiction over them by the California courts consistent with traditional notions of fair play

18  and substantial justice.

19     4.     Venue is proper in this Court because, upon information and belief, Defendants

20  maintain offices, have agents, and/or transact business in the State of California, including the

21  County of Alameda. The majority of the acts and omissions alleged herein relating to Plaintiff

22  took place in the State of California, County of Alameda. Defendants employed Plaintiff within

23  the State of California, County of Alameda.

24                                    **PARTIES**

25     5.      Plaintiff VICTOR MORENO is an individual residing in the State of California.

26  ///

27  ///

28  ///

                                        2

6.     Defendant TC TRANSCONTINENTAL U.S.A. INC., at all times herein mentioned, was and is, upon information and belief, a New York corporation, and at all times herein mentioned, was and is, an employer whose employees are engaged throughout the State of California, including the County of Alameda. Defendant HEARST COMMUNICATIONS, INC., at all times herein mentioned, was and is, upon information and belief, a New York corporation, and at all times herein mentioned, was and is, an employer whose employees are engaged throughout the State of California, including the County of Alameda.

7.     At all relevant times, Defendants TC TRANSCONTINENTAL U.S.A. INC. and HEARST COMMUNICATIONS, INC., were the "employer" of Plaintiff within the meaning of all applicable California laws and statutes.

8.     At all times herein relevant, Defendants TC TRANSCONTINENTAL U.S.A. INC., HEARST COMMUNICATIONS, INC. and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization, and consent of each defendant designated herein.

9.     The true names and capacities, whether corporate, associate, individual or otherwise, of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiff, who sues said defendants by such fictitious names.  Plaintiff is informed and believes, and based on that information and belief alleges, that each of the Defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

/ / /

3

10.     Defendants    TC    TRANSCONTINENTAL    U.S.A.    INC.,    HEARST COMMUNICATIONS, INC. and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

11.     Plaintiff further alleges that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members so as to make each of said Defendants employers and employers liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

12.     Plaintiff brings this action on his own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under Code of Civil Procedure section 382.

13.     The proposed class is defined as follows:

> All current and former hourly-paid or non-exempt employees of Defendants within the State of California at any time during the period from November 19, 2016[1] to final judgment.

14.     Plaintiff reserves the right to establish subclasses as appropriate.

15.     The class is ascertainable and there is a well-defined community of interest in the litigation:

> a.     Numerosity: The class members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

/ / /

/ / /

---

[1] Per Emergency Rule 9 (Tolling statute of limitations for civil causes of action) of the Judicial Council's Emergency Rules Related to COVID-19, all statute of limitations for civil causes of action that exceed 180 days are tolled from April 6, 2020 until October 1, 2020. Accordingly, Plaintiff's claims were tolled during that time period.

4

b.    <u>Typicality</u>: Plaintiff's claims are typical of all other class members' claims as demonstrated herein. Plaintiff will fairly and adequately protect the interests of the other class members with whom he has a well-defined community of interest.

c.    <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of each class member, with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.    <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e.    <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

16.    There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

/ / /

a.     Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

b.     Whether Defendants failed to pay their hourly-paid or non-exempt employees within the State of California for all hours worked, missed meal periods and rest breaks in violation of California law;

c.     Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d.     Whether Defendants properly calculated the regular rate for Plaintiff and the other class members to worked overtime and earned incentive pay;

e.     Whether Defendants deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

f.     Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

g.     Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

h.     Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

i.     Whether Defendants complied with wage reporting as required by the California Labor Code, including, inter alia, section 226;

j.     Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

k.     Whether Defendants' conduct was willful or reckless;

l.     Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, *et seq.*;

6

m.    The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

n.    Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

## GENERAL ALLEGATIONS

17.    During the relevant time period set forth herein, Defendants employed Plaintiff and other persons as hourly-paid or non-exempt employees within the State of California.

18.    Defendants, jointly and severally, employed Plaintiff as an hourly-paid non-exempt employee from 2008 to 2018 in the State of California, County of Alameda.

19.    Defendants had the authority to hire and terminate Plaintiff and other class members; to set work rules and conditions governing Plaintiff's and other class members' employment; and to supervise their daily employment activities.

20.    Defendants exercised sufficient authority over the terms and conditions of Plaintiff and other class members' employment for them to be joint employers of Plaintiff and the other class members.

21.    Defendants directly hired and paid wages and benefits to Plaintiff and other class members.

22.    Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

23.    Plaintiff and other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

24.    Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California.  This scheme involved, inter alia, failing to pay them for all hours worked, missed meal periods, and missed rest breaks in violation of California law.

/ / /

/ / /

25.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive certain wages for overtime compensation and that Plaintiff and other class members were not receiving wages for overtime compensation.

26.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and other class members the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

27.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive all timely and complete meal periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a meal period was missed, late or interrupted, and that Plaintiff and other class members did not receive all timely and proper meal periods or payment of one additional hour of pay at their regular rate of pay when a meal period was missed.

28.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive all timely rest periods without interruption or payment of one additional hour of pay at Plaintiff and the other class members' regular rate of pay when a rest period was missed, late or interrupted, and that Plaintiff and other class members did not receive all rest periods or payment of one additional hour of pay at their regular rate of pay when a rest period was missed.

29.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive at least minimum wages for compensation and that Plaintiff and other class members were not receiving at least minimum wages for all hours worked.

/ / /

/ / /

8

30.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive the wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and that Plaintiff and other class members did not, in fact, receive such wages owed to them at the time of their discharge or resignation.

31.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, Plaintiff and other class members did not receive complete and accurate wage statements from Defendants. The deficiencies included, inter alia, the failure to include the total number of hours worked by Plaintiff and other class members.

32.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to reimbursement for necessary business-related expenses.

33.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and other class members in accordance with California law, but, in fact, did not keep complete and accurate payroll records for Plaintiff and other class members.

34.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and other class members that they were properly denied wages, all in order to increase Defendants' profits.

35.     As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay overtime wages to Plaintiff and other class members for all hours worked. Plaintiff and other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation.

9

36.     As a pattern and practice, during the relevant time period set forth herein, Defendants failed to provide the requisite uninterrupted and timely meal and rest periods to Plaintiff and other class members.

37.     As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay Plaintiff and other class members at least minimum wages for all hours worked.

38.     As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay Plaintiff and other class members the wages owed to them upon discharge or resignation.

39.     As a pattern and practice, during the relevant time period set forth herein, Defendants failed to provide complete or accurate wage statements to Plaintiff and other class members.

40.     As a pattern and practice, during the relevant time period set forth herein, Defendants failed to keep complete or accurate payroll records for Plaintiff and other class members.

41.     As a pattern and practice, during the relevant time period set forth herein, Defendants failed to properly compensate Plaintiff and other class members pursuant to California law in order to increase Defendants' profits.

42.     California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

### **FIRST CAUSE OF ACTION**

### **(Violation of California Labor Code §§ 510 and 1198)**

### **(Against TC TRANSCONTINENTAL U.S.A. INC., HEARST COMMUNICATIONS, INC. and DOES 1 through 100)**

43.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 42, and each and every part thereof with the same force and effect as though fully set forth herein.

10

44.     California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

45.     Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and other class members employed by Defendants, who work(ed) more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

46.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

47.     California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

48.     During the relevant time period set forth herein, Plaintiff and other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

49.     As a pattern and practice, during the relevant time period set forth herein, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and other class members (but not all).

/ / /

/ / /

/ / /

11

50.     Defendants' pattern and practice of failing to pay Plaintiff and other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

51.     Pursuant to California Labor Code section 1194, Plaintiff and other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### (Violation of California Labor Code §§ 226.7 and 512(a))

### (Against TC TRANSCONTINENTAL U.S.A. INC., HEARST COMMUNICATIONS, INC. and DOES 1 through 100)

52.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 51, and each and every part thereof with the same force and effect as though fully set forth herein.

53.     During the relevant time period set forth herein, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and other class members' employment by Defendants.

54.     During the relevant time period set forth herein, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

55.     During the relevant time period set forth herein, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

/ / /

/ / /

12

56.     During the relevant time period set forth herein, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause, or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

57.     As a pattern and practice, during the relevant time period set forth herein, Plaintiff and other class members (but not all) who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period.

58.     As a pattern and practice, during the relevant time period set forth herein, Plaintiff and other class members (but not all) who were scheduled to work for a period of time no longer than twelve (12) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than ten (10) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period.

59.     As a pattern and practice, during the relevant time period set forth herein, Plaintiff and other class members (but not all) who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period.

60.     As a pattern and practice, during the relevant time period set forth herein, Plaintiff and other class members (but not all) who were scheduled to work for a period of time in excess of twelve (12) hours were required to work for periods longer than ten (10) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period.

/ / /

/ / /

61.     As a pattern and practice, during the relevant time period set forth herein, Defendants intentionally and willfully required Plaintiff and other class members (but not all) to work during meal periods and failed to compensate Plaintiff and the other class members (but not all) the full meal period premium for work performed during meal periods.

62.     As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay Plaintiff and other class members (but not all) the full meal period premium due pursuant to California Labor Code section 226.7.

63.     Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

64.     Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period is not provided.

## THIRD CAUSE OF ACTION

### (Violation of California Labor Code § 226.7)

### (Against TC TRANSCONTINENTAL U.S.A. INC., HEARST COMMUNICATIONS, INC. and DOES 1 through 100)

65.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 64, and each and every part thereof with the same force and effect as though fully set forth herein.

66.     During the relevant time period set forth herein, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and other class members' employment by Defendants.

67.     During the relevant time period set forth herein, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

/ / /

/ / /

14

68. During the relevant time period set forth herein, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

69. As a pattern and practice, during the relevant time period set forth herein, Defendants required Plaintiff and other class members (but not all) to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

70. As a pattern and practice, during the relevant time period set forth herein, Defendants willfully required Plaintiff and other class members (but not all) to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

71. As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay Plaintiff and the other class members (but not all) the full rest period premium due pursuant to California Labor Code section 226.7

72. Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

73. Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each workday that the rest period was not provided.

/ / /

/ / /

/ / /

**FOURTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 1194 and 1197)**

**(Against TC TRANSCONTINENTAL U.S.A. INC., HEARST COMMUNICATIONS, INC. and DOES 1 through 100)**

74.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 73 and each and every part thereof with the same force and effect as though fully set forth herein.

75.     During the relevant time period set forth herein, California Labor Code sections 1194 and 1197 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed, is unlawful.

76.     As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay minimum wages to Plaintiff and other class members (but not all) as required, pursuant to California Labor Code sections 1194 and 1197.

77.     Defendants' failure to pay Plaintiff and other class members the minimum wage as required violates California Labor Code sections 1194 and 1197. Pursuant to those sections, Plaintiff and other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

78.     Pursuant to California Labor Code section 1194.2, Plaintiff and other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**FIFTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 201 and 202)**

**(Against TC TRANSCONTINENTAL U.S.A. INC., HEARST COMMUNICATIONS, INC. and DOES 1 through 100)**

79.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 78, and each and every part thereof with the same force and effect as though fully set forth herein.

16

80.     During the relevant time period set forth herein, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

81.     As a pattern and practice, during the relevant time period set forth herein, Defendants intentionally and willfully failed to pay Plaintiff and other class members (but not all) who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

82.     Defendants' pattern and practice of failing to pay Plaintiff and other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

83.     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

84.     Plaintiff and other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to the thirty (30) day maximum as provided by Labor Code section 203.

/ / /

/ / /

/ / /

17

1

2

3

4

### SIXTH CAUSE OF ACTION

**(Violation of California Labor Code § 226(a))**

**(Against TC TRANSCONTINENTAL U.S.A. INC., HEARST COMMUNICATIONS, INC. and DOES 1 through 100)**

5    85.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

6    through 84, and each and every part thereof with the same force and effect as though fully set

7    forth herein.

8    86.    During the relevant time period set forth herein, California Labor Code section

9    226(a) provides that every employer shall furnish each of his or her employees an accurate

10    itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the

11    employee, (3) the number of piece-rate units earned and any applicable piece rate if the

12    employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on

13    written orders of the employee may be aggregated and shown as one item, (5) net wages

14    earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the

15    employee and his or her social security number, (8) the name and address of the legal entity

16    that is the employer, and (9) all applicable hourly rates in effect during the pay period and the

17    corresponding number of hours worked at each hourly rate by the employee.  The deductions

18    made from payments of wages shall be recorded in ink or other indelible form, properly dated,

19    showing the month, day, and year, and a copy of the statement or a record of the deductions

20    shall be kept on file by the employer for at least three years at the place of employment or at a

21    central location within the State of California.

22    87.    As a pattern and practice, Defendants have intentionally and willfully failed to

23    provide Plaintiff and other class members (but not all) with complete and accurate wage

24    statements.  The deficiencies include but are not limited to: the failure to include the total

25    number of hours worked by Plaintiff and other class members.

26    88.    As a result of Defendants' violation of California Labor Code section 226(a),

27    Plaintiff and other class members have suffered injury and damage to their statutorily protected

28    rights.

18

89.     More specifically, Plaintiff and other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

90.     Plaintiff and other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

91.     Plaintiff and other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g).

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 2800 and 2802)

### (Against TC TRANSCONTINENTAL U.S.A. INC., HEARST COMMUNICATIONS, INC. and DOES 1 through 100)

92.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 91, and each and every part thereof with the same force and effect as though fully set forth herein.

93.     Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

94.     Defendants have intentionally and willfully failed to reimburse Plaintiff and other class members (but not all) for all necessary business-related expenses and costs.  Plaintiff and other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

/ / /

# EIGHTH CAUSE OF ACTION

## (Violation of California Business & Professions Code §§ 17200, *et seq.*)

## (Against TC TRANSCONTINENTAL U.S.A. INC., HEARST COMMUNICATIONS, INC. and DOES 1 through 100)

95.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 94, and each and every part thereof with the same force and effect as though fully set forth herein.

96.    Defendants' conduct, as alleged herein, has been, and continues to be unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors.   Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

97.    Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, *et seq.*

98.    A violation of California Business & Professions Code section 17200, *et seq.* may be predicated on the violation of any state or federal law. In this instant case, Defendants' pattern and practice of requiring Plaintiff and other class members work overtime hours without paying them proper compensation violate California Labor Code sections 510 and 1198.  Additionally, Defendants' pattern and practice of requiring Plaintiff and other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Moreover, Defendants' pattern and practice of failing to timely pay wages to Plaintiff and other class members violate California Labor Code sections 201 and 202.  Defendants also violated California Labor Code sections 226(a), 1194, 1197, 2800 and 2802.

99.    As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

/ / /

/ / /

20

1    100.    Plaintiff and other class members (but not all) have been personally injured by

2   Defendants' unlawful business acts and practices as alleged herein, including but not

3   necessarily limited to the loss of money and/or property.

4    101.    Pursuant to California Business & Professions Code sections 17200, *et seq.*,

5   Plaintiff and other class members are entitled to restitution of the wages withheld and retained

6   by Defendants during a period that commences four years prior to the filing of this Complaint;

7   an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and

8   other applicable laws; and an award of costs.

9                              **DEMAND FOR JURY TRIAL**

10       Plaintiff, individually, and on behalf of other members of the general public similarly

11  situated, requests a trial by jury.

12                                **PRAYER FOR RELIEF**

13       WHEREFORE, Plaintiff, individually and on behalf of all other members of the general

14  public similarly situated, prays for relief and judgment against Defendants, jointly and

15  severally, as follows:

16                                  **Class Certification**

17   1.    That this action be certified as a class action;

18   2.    That Plaintiff be appointed as representative of the Class;

19   3.    That counsel for Plaintiff be appointed as Class Counsel; and

20   4.    That Defendants provide to Class Counsel immediately the names and most

21  current contact information (address, e-mail and telephone numbers) of all class members.

22                              **As to the First Cause of Action**

23   5.    That the Court declare, adjudge and decree that Defendants violated California

24  Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay

25  all overtime wages due to Plaintiff and other class members (but not all);

26   6.    For general unpaid wages at overtime wage rates and such general and special

27  damages as may be appropriate;

28  ///

1   7.   For pre-judgment interest on any unpaid overtime compensation commencing

2   from the date such amounts were due;

3   8.   For reasonable attorneys' fees and costs of suit incurred herein pursuant to

4   California Labor Code section 1194; and

5   9.   For such other and further relief as the court may deem just and proper.

6   **As to the Second Cause of Action**

7   10.   That the Court declare, adjudge and decree that Defendants violated California

8   Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to

9   provide all meal periods (including second meal periods) to Plaintiff and other class members

10   (but not all);

11   11.   That the Court make an award to Plaintiff and the other class members of one

12   (1) hour of pay at each employee's regular rate of compensation for each workday that a meal

13   period was not provided;

14   12.   For all actual, consequential, and incidental losses and damages, according to

15   proof;

16   13.   For premium wages pursuant to California Labor Code section 226.7(b);

17   14.   For pre-judgment interest on any unpaid wages from the date such amounts

18   were due;

19   15.   For reasonable attorneys' fees and costs of suit incurred herein; and

20   16.   For such other and further relief as the court may deem just and proper.

21   **As to the Third Cause of Action**

22   17.   That the Court declare, adjudge and decree that Defendants violated California

23   Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all

24   rest periods to Plaintiff and other class members (but not all);

25   18.   That the Court make an award to Plaintiff and the other class members of one

26   (1) hour of pay at each employee's regular rate of compensation for each workday that a rest

27   period was not provided;

28   / / /

22

19. For all actual, consequential, and incidental losses and damages, according to proof;

20. For premium wages pursuant to California Labor Code section 226.7(b);

21. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22. For such other and further relief as the court may deem just and proper.

### As to the Fourth Cause of Action

23. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194 and 1197 by willfully failing to pay minimum wages to Plaintiff and other class members (but not all);

24. For general unpaid wages and such general and special damages as may be appropriate;

25. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

26. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

27. For liquidated damages pursuant to California Labor Code section 1194.2; and

28. For such other and further relief as the court may deem just and proper.

### As to the Fifth Cause of Action

29. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and other class members (but not all) no longer employed by Defendants;

30. For all actual, consequential, and incidental losses and damages, according to proof;

31. For statutory wage penalties pursuant to California Labor Code section 203 for the other class members who have left Defendants' employ;

/ / /

23

32.    For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

33.    For such other and further relief as the court may deem just and proper.

### As to the Sixth Cause of Action

34.    That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and other class members (but not all), and willfully failed to provide accurate itemized wage statements thereto;

35.    For actual, consequential and incidental losses and damages, according to proof;

36.    For statutory penalties pursuant to California Labor Code section 226(e);

37.    For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g); and

38.    For such other and further relief as the court may deem just and proper.

### As to the Seventh Cause of Action

39.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and other class members (but not all) for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

40.    For actual, consequential and incidental losses and damages, according to proof;

41.    For the imposition of civil penalties and/or statutory penalties;

42.    For punitive damages and/or exemplary damages according to proof at trial;

43.    For reasonable attorneys' fees and costs of suit incurred herein; and

44.    For such other and further relief as the court may deem just and proper.

/ / /

/ / /

/ / /

24

**As to the Eighth Cause of Action**

45.     That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, *et seq.* by failing to provide Plaintiff and other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to pay Plaintiff's and other class members' wages timely as required by California Labor Code section 201, 202.

46.     For restitution of unpaid wages to Plaintiff and other class members and all pre-judgment interest from the day such amounts were due and payable;

47.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, *et seq.*;

48.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

49.     For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, *et seq.*; and

50.     For such other and further relief as the court may deem just and proper.


Dated: May 17, 2021                    **JUSTICE LAW CORPORATION**


By: _____
Douglas Han
Shunt Tatavos-Gharajeh
*Attorneys for* Plaintiff

25

**EXHIBIT B**



## Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

---

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial.  You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;

- Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or

- Agree to ADR at your Initial Case Management Conference.

**QUESTIONS?**  Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
Or visit the court's website at http://www.alameda.courts.ca.gov/adr

---

### What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program**:  Mediators do not charge fees for the first two hours of mediation.  If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

- o **Private Mediation**:  This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial and the rules of evidence are often relaxed.  Arbitration is effective when the parties want someone other than themselves to decide the outcome.

  - o **Judicial Arbitration Program** (non-binding):  The judge can refer a case or the parties can agree to use judicial arbitration.  The parties select an arbitrator from a list provided by the court.  If the parties cannot agree on an arbitrator, one will be assigned by the court.  There is no fee for the arbitrator.  The arbitrator must send the decision (award of the arbitrator) to the court.  The parties have the right to reject the award and proceed to trial.

  - o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated.  This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services.  Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA  94702-1612
Telephone: (510) 548-2377     Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – **S**ervices that **E**ncourage **E**ffective **D**ialogue and **S**olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA  94550
Telephone: (925) 373-1035     Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA  94607
Telephone: (510) 768-3100     Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

**ALA ADR-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

**ENDORSED
FILED
ALAMEDA COUNTY**

**MAY 1 8 2021**

**CLERK OF THE SUPERIOR COURT**
By ____ANDREL GOSPEL____
                    **Deputy**

| STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | CASE NUMBER: RG 21099845 |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 24405 Amador Street, Hayward, CA 94544 or Fax to (510) 267-5727.

1.  Date complaint filed: _____.  An **Initial Case Management Conference** is scheduled for:

    Date:                    Time:                    Department:

2.  Counsel and all parties certify they have met and conferred and have selected the following ADR process (check one):

    ☐ Court mediation        ☐ Judicial arbitration
    ☐ Private mediation      ☐ Private arbitration

3.  All parties agree to complete ADR within 90 days and certify that:

    a.  No party to the case has requested a complex civil litigation determination hearing;
    b.  All parties have been served and intend to submit to the jurisdiction of the court;
    c.  All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
    d.  Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
    e.  Case management statements are submitted with this stipulation;
    f.  All parties will attend ADR conferences; and,
    g.  The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶ _____
        (TYPE OR PRINT NAME)                        (SIGNATURE OF PLAINTIFF)

Date:

_____          ▶ _____

**Page 1 of 2**

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

(TYPE OR PRINT NAME)                    (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

**ALA ADR-001**

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF DEFENDANT)

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

**EXHIBIT C**

DOUGLAS HAN (SBN 232858)
SHUNT TATAVOS-GHARAJEH (SBN 272164)
TALIA LUX (SBN 336074)
**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
Tel: (818) 230-7502
Fax: (818) 230-7259

*Attorneys for* Plaintiffs

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| VICTOR MORENO, individually, and on behalf of other members of the general public similarly situated; <br><br> Plaintiff, <br><br> v. <br><br> TC TRANSCONTINENTAL U.S.A. INC., a New York corporation; HEARST COMMUNICATIONS, INC., a Delaware corporation; and DOES 1 through 100, inclusive; <br><br> Defendants. | Case No.: RG21099845 <br><br> Assigned for All Purposes to: Honorable Richard Seabolt Department 521 <br><br> **PLAINTIFF'S NOTICE OF CASE ASSIGNMENT AND INITIAL CASE MANAGEMENT CONFERENCE** <br><br> **Case Management Conference:** <br> Hearing Date: September 30, 2021 <br> Hearing Time: 2:30 p.m. <br> Hearing Place: Department 521 <br><br> Complaint Filed:   April 12, 2021 <br> Trial Date:         None Set |

**TO DEFENDANT AND ITS COUNSEL:**

    **PLEASE TAKE NOTICE** that the Court has assigned this case for all purposes to the Honorable Richard Seabolt in Department 521 of the Alameda Superior Court, Hayward Hall of Justice, located at 24405 Amador Street, Hayward, CA 94544.

    **PLEASE TAKE FURTHER NOTICE** that an Initial Case Management Conference is scheduled for **September 30, 2021 at 2:30 p.m.** in the above-referenced Court and department.

    Attached hereto as **Exhibit 1** is a true and correct copy of the Court-issued **Notice of Assignment of Judge for All Purposes**.

    Attached hereto as **Exhibit 2** is a true and correct copy of the Court-issued **Notice of Case Management Conference and Order.**

Dated: June 3, 2021                      **JUSTICE LAW CORPORATION**

                                  By: _____
                                      Douglas Han
                                      Shunt Tatavos-Gharajeh
                                      Talia Lux
                                      *Attorneys for* Plaintiff

1

# EXHIBIT 1

## *Superior Court of California, County of Alameda*



## *Notice of Assignment of Judge for All Purposes*

Case Number: RG21099845
Case Title:     Moreno VS TC Transcontinental U.S.A., INC.
Date of Filing: 05/18/2021

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **Richard Seabolt** |
| **Department:** | **521** |
| **Address:** | **Hayward Hall of Justice** |
| | **24405 Amador Street** |
| | **Hayward  CA  94544** |
| **Phone Number:** | **(510) 690-2730** |
| **Fax Number:** | **(510) 267-1532** |
| **Email Address:** | **Dept521@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

**NOTICE OF NONAVAILABILITY OF COURT REPORTERS:** Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

## General Procedures

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Richard Seabolt
DEPARTMENT 521

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at: http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days".  Plaintiff received that form in the ADR information package at the time the complaint was filed.  The court's website also contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

Chambers copies of all papers filed in connection with any hearing (motion, ex parte application) shall be delivered to Dept. 521 on the date of filing.  For discovery motions, the court requires compliance with Local Rule 3.31 before a reservation number will be provided.  (See below).

Appearances by attorneys not counsel of record are not permitted except for good cause shown.  Any appearing counsel must have full authority to make decisions on a case.  All references to counsel apply equally to self-represented parties and must comply the rules cited in this Notice.  Hearings and calendar events are scheduled by EMAIL ONLY to Dept. 521.  Except for scheduling matters, all emails to the Court must include all other parties (or their counsel, if represented) and must show that all other parties have been copied.  All parties are required to include available email addresses in the caption of all filed papers, as required by California Rules of Court 2.111(1).

## Schedule for Department 521

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held:  Tuesday-Fridays at 8:30 a.m. - 1:30 p.m. for Jury and Court Trials.  Trial Readiness Conferences are held 2 weeks prior to the trial date. Compliance with Local Rule 3.35 and personal appearance of trial counsel is required.

- Case Management Conferences are held:  Monday-Thursdays at 2:30 p.m. Timely-filed and complete CMC statements are required. Tentative rulings for case

management conferences are available in the register of actions. For Courtcall authorization, email Dept521@alameda.courts.ca.gov.

- Law and Motion matters are heard: Tuesdays at 2:30 p.m. and Thursdays at 2:30 p.m. Email Dept. 521 for reservations. Chambers copies of all papers shall be delivered to Dept. 521 on the date of filing.

- Settlement Conferences are heard: Counsel are encouraged to consider alternative dispute resolution. Settlement Conferences may be specially set on a case-specific basis.

- Ex Parte matters are heard: Tuesday-Fridays at 2:30 p.m. Chambers copies of all papers shall be delivered to Dept. 521 on the date of filing. The applicant must provide CRC 3.1203(a) notice to all parties.

- For L&M Email: Dept521@alameda.courts.ca.gov. Include case name & number, title of motion and identity of moving party and affirmation that the parties have met and conferred on agreeable dates before requesting a hearing date. No Discovery motion may be filed until an informal discovery conference ("IDC") has been held or denied by the court, as set forth in Local Rule 3.31. Email Dept. 521 to schedule an IDC and submit declarations in conformity with Rule 3.31. When requesting a hearing date for a discovery motion, include information about the IDC, including the date the hearing was held or denied.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:          Dept521@alameda.courts.ca.gov

  To contest L&M tentative rulings, email Dept521@alameda.courts.ca.gov by 4:00 p.m. the day before the hearing.

- Ex Parte Matters
  Email:          Dept521@alameda.courts.ca.gov

## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 521
- Phone: 1-866-223-2244

Dated:  05/26/2021

_Facsimile_

Presiding Judge,
Superior Court of California, County of Alameda

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/27/2021

By

Deputy Clerk

# EXHIBIT 2

Justice Law Corporation
Attn: Han, Douglas
751 N. Fair Oaks Avenue, Suite 101
Pasadena, CA   91103

## Superior Court of California, County of Alameda

| | |
|---|---|
| Moreno<br>                        **Plaintiff/Petitioner(s)**<br>     VS.<br><br>TC Transcontinental U.S.A., INC.<br>                         **Defendant/Respondent(s)**<br>           (Abbreviated Title) | No. <u>RG21099845</u><br><br>**NOTICE OF CASE MANAGEMENT<br>CONFERENCE AND ORDER**<br>Unlimited Jurisdiction |

## TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Notice is given that a Case Management Conference has been scheduled as follows:

| Date: **09/30/2021**<br>Time: **02:30 PM** | Department: **521**<br>   Location: **Hayward Hall of Justice**<br>              **3rd Floor**<br>              **24405 Amador Street, Hayward  CA  94544**<br>     Internet: **www.alameda.courts.ca.gov** | Judge: **Richard Seabolt**<br>Clerk: **Maria Calder**<br>Clerk telephone: **(510) 690-2730**<br>E-mail:<br>**Dept521@alameda.courts.ca.gov**<br>Fax: **(510) 267-1532** |

### ORDERS

1. **Plaintiff** must:

   a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

   b. **Give notice** of this conference to all other parties and file proof of service.

2. **Defendant must** respond as stated on the summons.

3. **All parties who have appeared before the date of the conference** must:

   a. **Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724;

   b. **File and serve** a completed *Case Management Statement* on Form CM-110  at least **15 days** before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

   c. **Post jury fees** as required by Code of Civil Procedure section 631.

4. If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5. You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed. You may be able to appear at Case Management Conferences by telephone. Contact CourtCall, an independent vendor, at least three business days before the scheduled conference. Call 1-888-882-6878, or fax a service request to (888) 882-2946. The vendor charges for this service.

6. You may file *Case Management Conference Statements* by E-Delivery. Submit them directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to *www.alameda.courts.ca.gov/ff*.

7. The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the website of each assigned department for procedures regarding tentative case management orders at *www.alameda.courts.ca.gov/dc*.

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/27/2021.

By _____

Deputy Clerk

**PROOF OF SERVICE**
1013A(3) CCP

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 751 N. Fair Oaks Ave., Ste. 101 Pasadena, California 91103.

On June 3, 2021, I served the foregoing document described as

**PLAINTIFF'S NOTICE OF CASE ASSIGNMENT AND INITIAL CASE MANAGEMENT CONFERENCE**

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

CT Corporation
c/o **TC TRANSCONTINENTAL U.S.A. INC.**
c/o **HEARST COMMUNICATIONS, INC.**
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

*Agents for Service* for Defendants TC Transcontinental USA Inc.
and Hearst Communications, Inc.

**[X]    BY U.S. MAIL**
As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

**[X]    STATE**
I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 3, 2021 at Pasadena, California.



Alex Ward

**EXHIBIT D**

1  DOUGLAS HAN (SBN 232858)
2  SHUNT TATAVOS-GHARAJEH (SBN 272164)
   TALIA LUX (SBN 336074)
3  **JUSTICE LAW CORPORATION**
   751 N. Fair Oaks Ave., Ste. 101
4  Pasadena, California 91103
   Tel: (818) 230-7502
5  Fax: (818) 230-7259
6
   *Attorneys for* Plaintiff
7

8         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9            **FOR THE COUNTY OF ALAMEDA**

10

11  VICTOR MORENO, individually, and on behalf   Case No.: RG21099845
   of other members of the general public similarly
12  situated;                         Assigned for All Purposes to:
                                   Honorable Richard Seabolt
13          Plaintiff,            Department 521

14       v.                             **PLAINTIFF'S NOTICE OF POSTING**
15                             **COMPLEX FEES**
   TC TRANSCONTINENTAL U.S.A. INC., a New
16  York corporation; HEARST            Complaint Filed:   May 18, 2021
   COMMUNICATIONS, INC., a Delaware      Trial Date:      None Set
17  corporation; and DOES 1 through 100, inclusive;

18         Defendants.

19

20

21

22

23

24

25

26

27

28

1    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2          **PLEASE TAKE NOTICE** that Victor Moreno has posted the required complex fee

3    deposit of $1,000.00 in the above action.

4

5    Dated: June 8, 2021                              **JUSTICE LAW CORPORATION**

6

7

8

9                                        By:  _____

10                                              Douglas Han
                                               Shunt Tatavos-Gharajeh
11                                              Talia Lux
                                               *Attorneys for* Plaintiff
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S NOTICE OF POSTING COMPLEX FEES

**PROOF OF SERVICE**
**1013A(3) CCP**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action. My business address is 751 N. Fair Oaks Ave., Ste. 101 Pasadena, California 91103.

On June 8, 2021, I served the foregoing document described as

**PLAINTIFF'S NOTICE OF POSTING COMPLEX FEES**

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

CT Corporation
c/o TC Transcontinental USA Inc.
c/o Hearst Communications, Inc.
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

*Agents for Service* for Defendants TC Transcontinental USA Inc. and Hearst Communications, Inc.

**[X]**  **BY U.S. MAIL**
As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

**[X]**  **STATE**
I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 8, 2021, at Pasadena, California.


Flor Gonzalez

1
2
3
4
5
6
7

DOUGLAS HAN (SBN 232858)
SHUNT TATAVOS-GHARAJEH (SBN 272164)
TALIA LUX (SBN 336074)
**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
Tel: (818) 230-7502
Fax: (818) 230-7259

*Attorneys for* Plaintiff

8

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

## FOR THE COUNTY OF ALAMEDA

10

| | |
|---|---|
| VICTOR MORENO, individually, and on behalf of other members of the general public similarly situated; | Case No.: RG21099845 |
| | Assigned for All Purposes to: |
| Plaintiff, | Honorable Richard Seabolt Department 521 |
| v. | **PLAINTIFF'S NOTICE OF COMPLEX DETERMINATION HEARING** |
| TC TRANSCONTINENTAL U.S.A. INC., a New York corporation; HEARST COMMUNICATIONS, INC., a Delaware corporation; and DOES 1 through 100, inclusive; | **Complex Determination Hearing:** Hearing Date: June 29, 2021 Hearing Time: 3:00 p.m. Hearing Place: Department 23 |
| Defendants. | Complaint Filed:   May 18, 2021 Trial Date:        None Set |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

1    **TO DEFENDANT AND ITS COUNSEL:**

2         **PLEASE TAKE NOTICE** that pursuant to California Rules of Court, Rule 3.400, and

3    Alameda County Superior Court, Local Rule 3.250, the Court has set a Complex

4    Determination Hearing for **June 29, 2021** at **3:00 p.m** in Department 23 of the Alameda

5    Superior Court, Administration Building, Fourth Floor, located at 1221 Oak Street, Oakland,

6    CA 94612.

7         Attached hereto as **Exhibit 1** is a true and correct copy of the Court-issued **Notice of**

8    **Hearing**.

9

10   Dated: June 8, 2021                               **JUSTICE LAW CORPORATION**

11

12                                            By:  _____

13                                                   Douglas Han
                                                     Shunt Tatavos-Gharajeh
14                                                   Talia Lux
                                                     *Attorneys for* Plaintiff
15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S NOTICE OF COMPLEX DETERMINATION HEARING

# EXHIBIT 1

┌ Justice Law Corporation                    ┐   ┌ TC Transcontinental U.S.A., INC.          ┐
  Attn: Han, Douglas
  751 N. Fair Oaks Avenue, Suite 101
  Pasadena, CA   91103
└                                            ┘   └                                           ┘

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Moreno | No. <u>RG21099845</u> |
| Plaintiff/Petitioner(s) | |
| VS. | |
| TC Transcontinental U.S.A., INC. | NOTICE OF HEARING |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 06/29/2021    TIME:  03:00 PM    DEPARTMENT: 23
LOCATION:  Administration Building, Fourth Floor
           1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at **http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 05/26/2021          Chad Finke  Executive Officer / Clerk of the Superior Court

                         By                        _____

                                                    Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/26/2021.

                         By                        _____

                                                      Deputy Clerk

1

2

**PROOF OF SERVICE**
**1013A(3) CCP**

3

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

4

5

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action. My business address is 751 N. Fair Oaks Ave., Ste. 101 Pasadena, California 91103.

6

7

On June 8, 2021, I served the foregoing document described as

8

**PLAINTIFF'S NOTICE OF COMPLEX DETERMINATION HEARING**

9

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

10

11

CT Corporation
c/o **TC TRANSCONTINENTAL U.S.A. INC.**
c/o **HEARST COMMUNICATIONS, INC.**

12

818 West Seventh Street, Suite 930

13

Los Angeles, CA 90017

14

*Agents for Service* for Defendants TC Transcontinental USA Inc.
and Hearst Communications, Inc.

15

16

**[X]    BY U.S. MAIL**

17

As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

18

19

20

**[X]    STATE**

21

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22

23

Executed on June 8, 2021, at Pasadena, California.

24

25



26

Alex Ward

27

28

---

**EXHIBIT E**

 CT Corporation

**Service of Process Transmittal**
05/26/2021
CT Log Number 539626929

**TO:**   Tatyana Bunimovich
Transcontinental Inc
1 VILLE-MARIE PL BUREAU 3240
MONTREAL, QC H3B 0G1

**RE:**   **Process Served in California**

**FOR:**   TC Transcontinental U.S.A. Inc   (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | VICTOR MORENO, ETC., PLTF. vs. TC TRANSCONTINENTAL U.S.A. INC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # RG21099845 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/26/2021 at 14:21 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/26/2021, Expected Purge Date: 05/31/2021 |
| | Image SOP |
| | Email Notification,  Panagiota Lambropoulos  panagiota.lambropoulos@tc.tc |
| | Email Notification,  Tatyana Bunimovich  tatyana.bunimovich@tc.tc |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>818 West 7th Street<br>Los Angeles, CA 90017<br>866-203-1500<br>DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**             Wed, May 26, 2021

**Server Name:**       Jimmy Lizama

Entity Served         TC TRANSCONTINENTAL U.S.A. INC.

Case Number           RG21099845

Jurisdiction          CA



1

## PROOF OF SERVICE

2

I, Alicia McMaster, declare:

3

I am a citizen of the United States and employed in Los Angeles, California.  I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071.  On June 25, 2021, I served a copy of the within document(s):

4

5

6

**DECLARATION OF JENNIFER S. MCGEORGE IN SUPPORT OF NOTICE OF REMOVAL BY DEFENDANT TC TRANSCONTINENTAL USA, INC.**

7

**X**      **UNITED STATES MAIL**. I deposited a sealed envelope containing a true and correct copy of the documents listed above with the United States Postal Service with the postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

8

9

10

**ELECTRONICALLY:** I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System.  I served those parties who are not registered participants of the ECF System as indicated below.

11

12

13

| | |
|---|---|
| Douglas Han<br>Shunt Tatavos-Gharajeh<br>Talia Lux<br>JUSTICE LAW CORPORATION<br>751 N. Fair Oaks Avenue,  Suite 101<br>Pasadena, California 91103 | Attorney for Plaintiff<br>VICTOR MORENO<br><br>T: (818) 230-7502<br>F: (818) 230-7259<br>E: statavos@justicelawcorp.com<br>   tlux@justicelawcorp.com |
| Howard Davis<br>OFFICE OF GENERAL COUNSEL<br>HEARST CORPORATION<br>300 West 57th Street, 40th Floor<br>New York, New York 10019 | Attorney for Defendant<br>HEARST COMMUNICATIONS, INC.<br><br>T: (212) 649-2016<br>E: howard.davis@hearst.com |
| Richard Burk Lapp<br>SEYFARTH SHAW LLP<br>233 S. Wacker Drive, Suite 8000<br>Chicago, Illinois 60606 | Attorney for Defendant<br>HEARST COMMUNICATIONS, INC.<br><br>T:  (312) 460-5914<br>F:  (312) 460-7914<br>E:  rlapp@seyfarth.com |

14

15

16

17

18

19

20

21

22

23

24

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

25

Executed on June 25, 2021 at Los Angeles, California.

26

27

*Alicia McMaster*

28

Alicia McMaster

FORD & HARRISON<br>LLP<br>ATTORNEYS AT LAW<br>LOS ANGELES

/CASE NO.

- 4 -

DECLARATION OF JENNIFER S. MCGEORGE IN SUPPORT OF NOTICE OF REMOVAL BY DEFENDANT TC TRANSCONTINENTAL USA, INC.